UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | | |
|---|---|---|
| CAMBRIDGE E. WILLIAMS, | ) | |
| Petitioner, | ) ) ) | Civil Action No. 2: 08-201-DLB |
| vs. | ) ) | |
| COMMONWEALTH OF KENTUCKY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\*

Cambridge E. Williams ("Williams"), an individual confined in the Grant County Detention Center in Williamstown, Kentucky, has filed a *Motion Requesting Detainer Lifted or Dismissed off Petitioner* (Doc. #2), which has been docketed as a petition seeking relief in the nature of habeas corpus pursuant to 28 U.S.C. § 2241. Having reviewed the petition,[1] the Court will deny relief for the reasons set forth below.

In his petition, Williams alleges that after the State of Ohio lodged a detainer with Kentucky authorities for a felony probation violation, he signed a "Waiver of Extradition" pursuant to Ky. Rev. Stat. § 440.400, which was filed with the Greenup District Court on April 23, 2008. The form states, in relevant part:

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 51 F. App'x 517, 518 (6th Cir. 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

1

> I do hereby, without reservation, and in view of my legal rights in extradition proceedings as explained to me, **WAIVE ANY AND ALL SUCH LEGAL RIGHTS AND DO FURTHER, BY MY SIGNATURE HERETO AFFIXED, CONSENT TO BE RETURNED TO THE STATE OF  OHIO , THERE TO STAND TRIAL ON THE CHARGE(S) ALLEGED**.

(Doc. #2, Ex. 1). Williams contends, however, that notwithstanding the entry of this waiver, Ohio authorities took no action to extradite him within 180 days. Williams seeks an order "lifting" or invalidating Ohio's detainer.

Although he does not so state explicitly, Williams' reference to Ohio's alleged failure to act within 180 days following the execution of this waiver appears to refer to the Interstate Agreement on Detainers Act ("IADA"). Kentucky's enactment of the IADA provides, in pertinent part, that:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

Ky. Rev. Stat. § 440.450. However, Williams' reliance upon the IADA is misplaced for two reasons.

First, Williams' waiver of his right to protest extradition did not invoke his rights under the IADA. The Kentucky Department of Corrections promulgated regulations establishing a procedure for the processing of requests under the IADA. *See* Corrections Policies and Procedures ("CPP")

18.17 (August 31, 2007). Section (II)(J)(2) provides that "If the inmate desires to activate the IAD, the inmate shall sign a completed IADA Form II and send it to the records clerk of the institution where the inmate is housed." As one court has noted, when the signatory states adopted the IAD compact,

> Standard forms were adopted as part of the implementing rules and regulations for effectuating the IAD. *See* The Council of State Governments, The Handbook on Interstate Crime Control 125-33 (1978) (Handbook). The IAD forms have been adopted for use in all proceedings under the IAD in jurisdictions that are signatories to the compact.

*New Jersey v. Pero*, 851 A.2d 41, 42 n.3 (N.J. Super. App. Div. 2004) (*citing Casper v. Ryan*, 822 F.2d 1283, 1285 n.2 (3d Cir. 1987), *cert. denied*, 484 U.S., 1012 (1988)). As noted in CPP 18.17, Kentucky adopted these standardized forms to be used by prisoners in Kentucky's custody to invoke their rights under the IADA.

Williams' execution of a form waiving his right to protest extradition was an improper method for requesting disposition of the pending charges in Ohio. Further, the form he executed did not contain sufficiently clear and explicit language requesting such relief. In the absence of a clear request to Ohio officials to resolve the pending charges identified in the detainer, Williams failed to invoke the protections under the IADA. *See United States v. Dooley*, 580 F.3d 682, 685 (8th Cir. 2009) (defendant's failure to clearly request speedy trial on IAD Form II sent to sending state was insufficient to invoke protections of IAD); *Ellis v. Commonwealth*, 828 S.W.2d 360 (Ky. 1992) (prisoner's motion for a speedy trial is insufficient to trigger the 180-day time limitation of Article III of the IAD where the motion made no reference to the IAD or the time limitation and the request for disposition is not accompanied by a certificate from the appropriate official having custody of the prisoner detailing specific information about the prison term in the sending state).

3

Second, even if this were not so, by its terms the IADA only applies to detainers based upon any "untried indictment, information, or complaint ...".  A detainer lodged based upon a prisoner's violation of the terms of his probation is not related to an *untried* criminal charge, and therefore is not subject to the IADA.  *See United States v. Jankowski*, 771 F.2d 70, 72-73 (3d Cir. 1985) (Art. III of the IADA does not apply to detainers based on probation infraction); *Graham v. Brooks*, 342 F. Supp. 2d 256, 262 (D. Del. 2004) ("violation of probation detainer...does not come within the provisions of the IAD.") (*citing Carchman v. Nash*, 473 U.S. 716, 725 (1985)) (Art. III of the IAD does not apply to detainers based on violation of probation charges); *State v. Inscore*, 634 S.E.2d 389, 394-95 (W. Va. 2006) (detainer filed by sending state for violation of probation not subject to IADA);.

Accordingly, **IT IS ORDERED** that:

1. Williams' petition for a writ of habeas corpus (Doc. #2) is **DENIED**.

2. The Court will enter an appropriate Judgment contemporaneously herewith.

This 10th day of May, 2010.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\Cov08\08-201-DLB Order denying 2241.wpd